# Cornelius *v.* Central Accident Insurance Company, Appellant.

*Trial—Charge—Assignments of error.*

A charge is not to be judged by detached sentences, but is to be taken as a whole. If the charge considered as a whole presents a fair and full presentation of the issue of the facts involved, the appellate court will not reverse.

*Insurance—Accident insurance—Income of insured—Agent of company as policy holder.*

An agent of an accident insurance company was instructed not to take applications for policies that provided for a weekly indemnity greater than three-fourths of the weekly wages or income of the insured. He took out a policy in his own name, but neither in the application nor in the policy was there any statement as to his income. The company claimed that the insured had procured policies for himself in excess of the three-fourths limitation. It appeared that the income from the insured was from his earnings as an attorney at law, and as an insurance solicitor. It was uncertain in amount, and his weekly receipts were at times less, and at other times more than would warrant an application for the amount of indemnity for which he applied. The court charged that, if in making his application the insured acted in good faith with no intention to obtain overinsurance, or to defraud the company, he could recover, otherwise he could not. *Held* that the instruction was proper, and that a verdict and judgment for the plaintiff should be sustained.

Argued May 6, 1907. Appeal, No. 330, Jan. T., 1906, by defendant, from judgment of C. P. Tioga Co., Sept. T., 1905, No. 344, on verdict for plaintiff in case of Charles H. Cornelius v. Central Accident Insurance Company of Pittsburg, Pa. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a policy of accident insurance. Before OMEROD, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $10,808.77. Defendant appealed.

*Errors assigned* were various rulings on evidence and instructions, including a number of the detached portions of the charge.

*S. F. Channell*, with him *G. W. Wisner, F. E. Watrous* and *H. F. Marsh*, for appellant, cited: Elliott v. Ins. Co., 66 Pa. 22; Bahner v. Ins. Co., 127 Pa. 464.

*Robert K. Young*, of *Merrick & Young*, for appellee.

OPINION BY MR. JUSTICE FELL, June 3, 1907:

This action was on two policies of accident insurance issued to the plaintiff. The grounds of defense were (1) that the plaintiff's injury was not the result of an accident but of a design on his part and was self-inflicted; (2) that the plaintiff as agent of the insurance company defendant had been instructed not to take applications for policies that provided for a weekly indemnity greater than three-fourths of the weekly wages or income of the insured and that he had procured policies for himself in excess of this limitation. It is contended by the appellant that because of errors at the trial neither ground of defense was properly presented to the jury by the court. As to the first it was stated in the charge that there was nothing in the plaintiff's testimony alone that threw any discredit on his story as to the happening of the accident and also that the defendant had offered no testimony to show that the injury was self-inflicted. It is argued that this instruction ignored the proof of facts and circumstances by the defendant which discredited the plaintiff, and by showing motive and design warranted an inference that the plaintiff had injured himself in order to obtain the insurance money. In immediate connection with these statements the learned trial judge called the jury's attention to the proofs of the defendant's financial embarassment and to the circumstances relied on by the defendant. It was said in the charge: "They say the circumstances surrounding the case point to a deliberate intention on his part to injure himself for the purpose of receiving the money due upon these policies to relieve him from this financial embarassment. All this evidence has been detailed before you, and you are to find from this evidence as to whether or not this injury was accidental; if you find it was not accidental, but was a de-

liberate injury inflicted upon himself by himself, you will find in favor of the defendant, as these policies of insurance do not provide for indemnity against any such injury." A charge is not to be judged by detached sentences, but is to be taken as a whole. Considering the whole charge there was a fair and full presentation of the issue of fact involved.

The applications of the plaintiff for insurance were made to the home office. They contained no statements as to his income and the policies contained no provisions in relation to it. If there was a breach of duty on his part, it was in making an application for a larger amount of insurance for himself than under his instructions he would have been permitted to make for another. His income was from his earnings as an attorney at law and as a soliciting agent of a number of insurance companies. It was uncertain in amount and his weekly receipts were at times less and at other times more than would warrant an application for the amount of indemnity for which he applied. The instruction upon the subject was that if in making his application the plaintiff acted in good faith with no intention to obtain overinsurance or to defraud the company, he could recover, otherwise he could not. This instruction was quite as favorable as the defendant was entitled to. The case was carefully submitted with clear and adequate instructions and we find no error in the record.

The judgment is affirmed.